IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BENTON WHITE                                                                                    PLAINTIFF

vs.                                                                                       No. 1:04CV232-D-D

MISSISSIPPI PUBLIC SERVICE
COMMISSION; et al.                                                                         DEFENDANTS

<u>OPINION GRANTING MOTION FOR SUMMARY JUDGMENT</u>

Presently before the court is the Defendants' motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

The Plaintiff worked for the Defendant Mississippi Public Service Commission (MPSC) for twenty-three years. In late February of 2003, the Plaintiff decided to run as a candidate for the office of Public Service Commissioner; shortly thereafter, the Plaintiff resigned his position on MPSC's staff as an MPSC investigator to run for the elective office of Public Service Commissioner.

After the Plaintiff was unsuccessful in the September 8, 2003, primary election for Public Service Commissioner, he wrote MPSC seeking to be reinstated to his previous position. His request was denied and he was told that his position had been filled and that no comparable MPSC vacancies existed. The Plaintiff then retired from MPSC effective in May of 2004.

On August 4, 2004, the Plaintiff filed the current action pursuant to 42 U.S.C. § 1983 against both MPSC and against four former and current MPSC officials (Bo Robinson, Nielson Cochran, George Byars, and Michael Callahan) in their individual capacities, alleging, *inter alia*, that a policy enacted by MPSC in 1999 regarding when employees may take leaves of absence is unconstitutional and that the Defendants' failure to rehire the Plaintiff after his unsuccessful run for Public Service

Commissioner constituted unlawful retaliation. The Defendants have now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### B. *Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Public officials, such as the individual Defendants in this case, are shielded from liability for

civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis v. Scherer, 468 U.S. 183, 194, 104 S.Ct. 3012, 3019, 82 L. Ed. 2d 139 (1984); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982).

In ruling on a defendant's claim of qualified immunity, a court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Siegert v. Gilley, 500 U.S. 226, 230, 111 S.Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Then, the court must determine whether the official's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L. Ed. 2d 589 (1991); Pfannstiel v. Marion, 918 F.2d 1178, 1183 (5th Cir. 1990).

*C. Discussion*

1. The Plaintiff's Claims against MPSC

As an initial matter, the Plaintiff has conceded his claims against MPSC, admitting that those claims are barred by the Eleventh Amendment to the United States Constitution. See Plaintiff's Resp. in Opposition to Motion for Summ. Judg. at ¶ 11. Thus, the court finds that dismissal of the Plaintiff's claims against MPSC is appropriate; no genuine issue of material fact exists and the Defendant MPSC is entitled to judgment as a matter of law.

2. The Plaintiff's Claims against the Individual Defendants

The Plaintiff claims, *inter alia*, that the individual Defendants violated his First and Fourteenth Amendment rights by not permitting him to take a leave of absence while he mounted a campaign for Public Service Commissioner and by not rehiring him after his campaign was over.

Public officials such as the Defendants are shielded from liability for civil damages as long

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Davis, 468 U.S. at 194; Harlow, 457 U.S. at 818; White v. Walker, 950 F.2d 972, 975 (5th Cir. 1991).

In ruling on a defendant's claim of qualified immunity, the court first must determine whether the plaintiff has alleged the violation of a clearly established constitutional right. Siegert, 500 U.S. at 230. Then, the court must determine whether the subject public official's actions were objectively reasonable under settled law in the circumstances with which he was confronted. Hunter, 502 U.S. at 227; see Pfannstiel, 918 F.2d at 1183 (If "reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity.").

Here, the Defendants argue that Section 77-1-25 of the Mississippi Code precluded the Plaintiff from running for the office of Public Service Commissioner while he was employed by MPSC, and thus required that the Plaintiff resign his employment before he began his candidacy.

Section 77-1-25, which applies to the MPSC, provides in pertinent part that "[m]embers of the staff of the commission may be candidates for political office but must take a leave of absence to do so. Members of the staff of the commission may take part in political campaigns other than campaigns for Public Service Commission . . ." The court finds that the first sentence in the above quote clearly permits MPSC staff members to run for political office if they take a leave of absence from their MPSC duties. The Defendants aver that the second sentence states that MPSC employees may not, however, take part in a campaign for the office of Public Service Commissioner, which obviously includes being a candidate for Public Service Commissioner, unless they first resign their employment. See Bullock v. Mississippi Employment Sec. Comm'n, 697 So. 2d 1147, 1150 (Miss. 1997) (construing Mississippi statutory language regarding "engag[ing] in any political campaign

as a representative of any candidate" to necessarily include being a candidate); McCormick v. Edwards, 646 F.2d 173, 177 (5th Cir. 1981) (noting the widespread and permissible limitations on the political activities of public employees). The court notes that the Plaintiff does not challenge the constitutionality of Section 77-1-25.

The question presently before the court is not how it would read the statute if it were the MPSC, but rather if the MPSC's reading of the statute as it pertained to the Plaintiff's situation was objectively unreasonable. The court finds that it was not, and that reading the statute in the fashion that the MPSC construed it is not objectively unreasonable. The second sentence of the previously cited portion of Section 77-1-25 clearly states that MPSC staff members may not take part in a campaign for Public Service Commissioner; in Bullock, the Mississippi Supreme Court made clear that being a candidate for public office constitutes "engaging" in a political campaign. Bullock, 697 So. 2d at 1150. Thus, the court finds that the individual Defendants did not behave in an objectively unreasonable fashion in reading the statute to require resignation rather than a leave of absence in order to run for Public Service Commissioner.

In addition, violations of Section 77-1-25 are misdemeanor criminal offenses. See Miss. Code Ann. § 77-1-25. Accordingly, the court finds that the Plaintiff could not maintain his employment on the staff of MPSC while running for the office of Public Service Commissioner without committing a misdemeanor violation of Section 77-1-25.

In the context of the Defendants' request for qualified immunity, the court also finds that the Plaintiff has not alleged the violation of a clearly established constitutional right. While the Plaintiff doubtlessly has the right to run for political office (which he exercised), pursuant to Section 77-1-25 he does not have a constitutional right to run for the office of Public Service Commissioner while

employed on the staff of the MPSC; in order to so run, he properly resigned his post. Indeed, the employees of several Mississippi state offices have limitations placed on their right to take part in political campaigns, participate in such campaigns, or run for elective office while so employed. See Miss. Code Ann. §§ 43-1-13 (Mississippi Department of Human Services employees), 45-3-11 (members of the Mississippi Highway Patrol), 49-1-19 (members of certain employees of the Mississippi Department of Wildlife, Fisheries, and Parks), and 21-31-27 (Mississippi employees subject to civil service). Indeed, by not permitting the Plaintiff to take a leave of absence in order to run for the post, the Defendants prevented him from violating Section 77-1-25 and committing a misdemeanor. Thus, the court finds that the Defendants are entitled to a grant of qualified immunity as to all of the Plaintiff's claims and that their actions were objectively reasonable under settled law in the circumstances with which they were confronted. This finding applies with equal force to all of the Plaintiff's pending claims.

### D. Conclusion

In sum, the Defendants' motion for summary judgment will be granted. The Defendants have shown that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law on all of the Plaintiff's claims.

A separate order in accordance with this opinion shall issue this day.

This the 4th day of January 2006.

/s/ Glen H. Davidson
Chief Judge